DOUGLAS RIPLEY et al., Respondents, *v.* DOUGLAS F. STORER et al., Appellants, et al., Defendants.

Orders appealed from affirmed.

PECK, P. J. (dissenting). This is an appeal from orders denying motions to dismiss the complaint in an action for declaratory judgment and from orders denying motions to strike certain paragraphs of the complaint.

At least some of the paragraphs of the complaint to which the motions to strike were addressed contain allegations which are appropriate only to a derivative stockholders' action, which this action does not purport to be. Such paragraphs of the complaint should have been stricken.

The more important motions, however, are those addressed to the sufficiency of the complaint and to the discretion of the court with respect to entertaining an action for a declaratory judgment. In my opinion the motions should have been granted.

For the purpose of expressing my views, I shall take the statement of the case made in the plaintiffs' brief. The plaintiffs are majority stockholders in a corporation in which defendants are minority stockholders. Plaintiffs accurately describe the action as being one for a declaratory judgment to adjudicate their right to adopt certain amendments of the by-laws and of the certificate of incorporation, and, as an incident thereto, to compel the convening of a meeting of the stockholders where such amendments might be formally adopted.

After stating the amendments which they would like to have adopted, the complaint recites certain events which have frustrated plaintiffs' desires. The

brief states that the cumulative effect of those events has made it clear that without "a prior judicial declaration as to the validity and legality of the proposed amendments" any attempt by the majority to hold meetings or to adopt amendments would be abortive.

It also appears from the allegations of the complaint that the minority stockholders control the board of directors. Why this is so or why plaintiffs cannot or should not pursue the ordinary course of electing directors by majority vote is not clear. But it is stated, "For the purpose of this appeal it is to be assumed, for reasons not material here, that the majority cannot presently effect any change in the composition of the board of directors."

It is apparent that the parties, who between themselves are all the stockholders in a closed corporation, have been in a continuous wrangle about the management of the corporation. Apparently, also, although it is not understandable, there have not been any meetings of the stockholders, either regular or special, for several years. It is hardly to be assumed, however, that the majority stockholders cannot at the regular annual meeting elect directors. The annual meeting for the purpose of electing directors will be held next month.

It might be, if for some reason which cannot presently be visualized, the forthcoming annual meeting cannot be availed of to take due corporate action in respect to the election of directors and other matters such as amendments of the charter and by-laws, that plaintiffs could properly institute an action to compel the calling of a special meeting of stockholders. But I cannot conceive of a court in advance endeavoring to pass upon the validity of proposed amendments which have not been voted upon by a duly constituted meeting of directors or stockholders.

In my opinion the complaint should have been dismissed and entertainment of the action refused, with leave to plaintiffs to commence an appropriate action, if necessary, after holding the regular meeting of stockholders in May.

Cohn, Callahan, Bastow and Bergan, JJ., concur in decision; Peck, P. J., dissents and votes to reverse, in opinion.

Orders affirmed, with $20 costs and disbursements to the respondents. [See *post,* p. 1030.]